SIGNED THIS: March 12, 2014

_____
**Thomas L. Perkins
United States Bankruptcy Judge**

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| DAVID J. FRANKLIN, ) | Case No. 13-81207 |
| ) | |
| Debtor. ) | |

**O P I N I O N**

This matter is before the Court on the objection of the Chapter 7 Trustee, Jeana K. Reinbold (TRUSTEE), to the claimed exemptions of the Debtor, David J. Franklin (DEBTOR), in two bank accounts and the TRUSTEE'S motion for turnover of the funds. The primary issue concerns the application of 42 U.S.C. § 407, which protects social security benefits paid or payable, to a bank account containing funds traceable to social security benefits. The TRUSTEE contends that the exemption provided by § 407 may be denied for equitable reasons and may be capped based upon a needs-based test. For two alternative reasons, the TRUSTEE'S objection must be denied.

The DEBTOR filed a petition under chapter 7 of the Bankruptcy Code on June 13, 2013. At the time the petition was filed, the balance on hand in his checking account was

$2,303.43 and his savings account had a balance of $11,119.47. The only funds deposited into the savings account were from social security. The DEBTOR owns his residence valued at $90,804, which has no nonexempt equity. The DEBTOR'S vehicle, a 1990 Volvo, valued at $1,000, was described as not currently driveable. Schedule I discloses that the DEBTOR is retired and that he has a monthly income of $4,091.09, comprised solely of pension income of $2,699.69 and social security benefits of $1,391.40. According to Schedule J, the DEBTOR'S monthly expenses total $2,650.42, including a tax payment to the Internal Revenue Service of $400, leaving monthly net income of $1,440.67. The Internal Revenue Service has filed a priority claim for 2011 and 2012 income taxes totaling $4,778.92.

In his original Schedule C, the DEBTOR did not assert an exemption in the savings account under 42 U.S.C. § 407. The TRUSTEE objected to the DEBTOR'S claim of exemption under 735 ILCS 5/12-1001(g)(1), correctly noting that the state law exemption is limited to a debtor's "right to receive" a social security benefit and does not protect benefits which the debtor received and placed in a bank account prior to the filing of bankruptcy. *In re Schoonover*, 331 F.3d 575 (7th Cir. 2003); *Fayette County Hosp. v. Reavis*, 169 Ill.App.3d 246, 523 N.E. 2d 693 (Ill.App. 5 Dist. 1988). Both the federal bankruptcy and the Illinois exemption schemes draw a distinction between a "debtor's right to receive" a payment or benefit and "property that is traceable" thereto.

In response to the TRUSTEE'S objection, the DEBTOR filed Amended Schedule C on September 30, 2013, again claiming the savings account balance as fully exempt under § 12-1001(g)(1), and adding a claim of full exemption under 42 U.S.C. § 407. The DEBTOR also claimed the funds in the checking account as fully exempt under 735 ILCS 5/12-704,

2

which exempts from garnishment benefits payable by pension or retirement funds or systems, and as fully exempt under the wildcard exemption as well. The TRUSTEE objected to the amended exemption claims, contending that 42 U.S.C. § 407 is not a blanket exemption for all segregated funds traceable to social security payments without regard to the amount of funds accumulated. She argues that a court has the authority to limit the exemption to amounts reasonably necessary to pay for basic living expenses.

There is no dispute that the DEBTOR opened the savings account at least eight months before bankruptcy, upon the advice of counsel, for the sole purpose of segregating and holding his social security payments in order to preserve their exempt status. There is also no dispute that the funds in the checking account consist solely of accumulated pension benefits. The parties have submitted briefs and the issues are ripe for decision.

**ANALYSIS**

In her brief, the TRUSTEE, acknowledging that the DEBTOR'S exemption overage under the wildcard provision is minimal, represents that her objection to the claim of exemption in the checking account will not be pursued if her objection to the savings account is not sustained by the Court.[1] As a result, the Court will first address the DEBTOR'S claim of exemption in his savings account, based upon the exemption provided for social security benefits under federal law.

Upon the filing of a petition in bankruptcy, section 522 of the Bankruptcy Code provides that a debtor is entitled to retain certain assets as exempt from the bankruptcy

---

[1] As the court noted in *In re Lyons*, 118 B.R. 634 (C.D.Ill. 1990), the pension exemption, by its own terms, is confined to garnishment proceedings and has no effect in bankruptcy cases. *See In re Orr*, 2008 WL 244168 (Bankr.C.D.Ill. 2008)(section 12-704 is not a general exemption provision). Rather, the Illinois exemption for retirement plans is set forth at 735 ILCS 5/12-1006, which, by its terms, does not exempt pension payments, once distributed, regardless of traceability.

3

estate. 11 U.S.C. § 522. Section 522(b) allows a debtor to claim either the federal bankruptcy exemptions listed in subsection (d) or exemptions available under nonbankruptcy law, unless the applicable state law precludes the debtor from claiming the federal bankruptcy exemptions. Section 522(b), in essence, authorizes each state to "opt-out" of the scheme of exemptions provided under federal bankruptcy law, restricting its residents to the exemptions provided under the law of that state and under federal statutes other than section 522(d). Illinois has exercised that opt-out option, thus mandating the use of other federal exemptions plus the exemption statutes enacted in Illinois. One such non-bankruptcy federal exemption is that provided for social security benefits. Sections 407(a) and (b) of the Social Security Act provide:

> **(a) In general**
>
> The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.
>
> **(b) Amendment of section**
>
> No other provision of law, enacted before, on, or after April 20, 1983, may be construed to limit, supersede, or otherwise modify the provisions of this section except to the extent that it does so by express reference to this section.

42 U.S.C. § 407.

Section 407(a) contains three distinct directives. First is the anti-assignment provision, which prevents a recipient from assigning or otherwise transferring the right to future payments. Second is the general exemption provision, which protects social security benefits paid or payable from creditor collection rights. Third is the exclusion from

4

bankruptcy and insolvency laws, which decrees that benefits paid or payable are not subject to the operation of the federal bankruptcy laws or any other insolvency law. These proscriptions have been part of the Social Security Act since 1935.

Under the Bankruptcy Act of 1898, exempt property was expressly excluded from the interests of the bankrupt that vested in the trustee. Bankruptcy Act, sec. 70a. Since October 1, 1979, the effective date of the Bankruptcy Code of 1978, the estate created by section 541(a) includes exempt property, at least initially, which is subject to passing out of the estate through the claim of exemption process. *See Schwab v. Reilly,* 560 U.S. 770, 130 S.Ct. 2652, 177 L.Ed.2d 234 (2010). Bankruptcy Code section 541 makes no mention of social security benefits or of § 407. Section 522, also failing to mention § 407, provides an exemption for a debtor's right to receive a social security benefit but not for property that is traceable to such a benefit.[2] 11 U.S.C. § 522(d)(10) and (11).

Section 407(b) was added in 1983 as a clarifying amendment. The House Conference Report indicates that the amendment was in response to bankruptcy court orders entered in several hundred cases ordering the Social Security Administration to send all or part of a debtor's benefit check to the chapter 13 trustee. *See* P.L. 98-21, Social Security Amendments of 1983, House Conference Report No. 98-47.

The Bankruptcy Code has been amended often since its enactment. None of those amendatory enactments contain any reference to § 407. Several amendments have made sweeping changes, none more so than the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA). BAPCPA adopted the newly defined term "current

---

[2]The exemptions provided in section 522(d) are used only by a minority of debtors, on a national basis, as thirty-three states have opted out of that provision. COLLIER ON BANKRUPTCY, ¶ 522.02[1], n.5.

5

monthly income" which, among other things, is used to determine whether a chapter 7 filing is presumed abusive, *see* section 707(b)(2)(A)(1), and whether a chapter 13 debtor is proposing to use all of her projected disposable income to make payments to unsecured creditors, *see* section 1325(b)(2). Benefits received under the Social Security Act are expressly excluded from a debtor's "current monthly income." 11 U.S.C. § 101(10A)(B).

**EQUITABLE EXCEPTIONS TO THE SOCIAL SECURITY ACT EXEMPTION FOR SOCIAL SECURITY BENEFITS ARE NOT PERMITTED**

The TRUSTEE does not dispute that § 407, providing a broad exemption for social security benefits, on its face covers accumulated benefits paid out to a debtor and held on deposit in a bank account. Rather, the TRUSTEE contends that the exemption may nevertheless be denied where allowing it would run afoul of the exemption's purpose or otherwise be inequitable. The TRUSTEE relies on the admitted fact that the DEBTOR opened the savings account on the advice of his attorney for the sole purpose of holding and segregating the deposited funds in order to preserve their exempt status. The TRUSTEE also argues that the purpose of the exemption is not being served where the DEBTOR is simply hoarding the benefits without any present need to use the funds for living expenses.

The TRUSTEE'S arguments have now been foreclosed by the United States Supreme Court. On March 4, 2014, the Supreme Court issued its opinion in *Law v. Siegel,* --- S.Ct. ----, 2014 WL 813702. The debtor, a California resident, filed a chapter 7 petition, asserting that his house was encumbered by two liens arising from separate deeds of trust, claiming the allowable California homestead exemption of $75,000, and representing that because the house's value was less than the sum of the amounts secured by the deeds of trust plus the

6

homestead exemption, that there was no nonexempt equity to be administered by the chapter 7 trustee. The trustee successfully avoided one of the liens as fictional, proving that the debtor made it up in an effort to fraudulently shield the true equity in the house.

Unfortunately, the trustee incurred more than $500,000 in attorney fees in prosecuting the avoidance action. The trustee moved to "surcharge" the $75,000 homestead exemption so that those funds could be used to pay toward the attorney fees. The bankruptcy court granted the motion and appeals followed. The Bankruptcy Appellate Panel and Ninth Circuit affirmed, determining that although the Bankruptcy Code does not expressly authorize surcharges against a debtor's exemptions, a bankruptcy court has the inherent power to equitably surcharge a debtor's exemption in order to protect the integrity of the bankruptcy process.

The Supreme Court reversed, reasoning that a bankruptcy court's inherent authority under section 105(a) is supplementary, enabling the court to carry out, but not override, the provisions of the Bankruptcy Code. Section 522(c) provides that exempted property is not liable for any prepetition debt (with certain inapplicable exceptions), and section 522(k) provides that exempted property is not liable for the payment of any administrative expense (with certain inapplicable exceptions). Since the debtor's homestead exemption had been surcharged to pay attorney fees that were an administrative expense, the surcharge directly contravened section 522(k). By ordering the surcharge, the bankruptcy court "exceeded the limits of its authority under § 105(a) and its inherent powers." *Id.* at *5.

The Court recognized several general principles emanating from section 522,

7

including that it "does not give courts discretion to grant or withhold exemptions based on whatever consideration they deem appropriate," and that the "Code's meticulous – not to say mind-numbingly detailed – enumeration of exemptions and exceptions to those exemptions confirms that courts are not authorized to create additional exceptions." *Id.* at *6.

The Court disavowed the long-standing non-statutory basis for disallowing an exemption where a debtor fraudulently conceals an exempt asset, determining that courts do not have a general equitable power to deny exemptions based on a debtor's bad faith conduct.[3] The Court acknowledged, however, that when a debtor claims a state-created exemption, the exemption's scope is determined by state law, which may provide that certain types of debtor misconduct warrant denial of the exemption. *Id.* at *6.

The grounds put forth by the TRUSTEE for denial of the exemption provided by § 407 in social security proceeds, are grounds that are wholly equitable in nature, without any statutory basis in § 407 or section 522. Allowing the TRUSTEE'S objection would contravene section 522(c)'s mandate that exempted property is "not liable" for debts included in the bankruptcy case. Therefore, applying *Law v. Siegel,* this Court has no authority to deny the exemption on the grounds asserted by the TRUSTEE.

The TRUSTEE relies upon *U.S. v. Devall,* 704 F.2d 1513 (11th Cir. 1983), holding that the Social Security Administration is subject to bankruptcy court income-deduction orders that require payment of all or some portion of the debtor's social security benefits to a trustee in bankruptcy. *Devall* does not address the effect of § 407(a)'s exemption provision

---

[3] The court referenced *Matter of Yonikus,* 996 F.2d 866 (7th Cir. 1993); *Matter of Doan,* 672 F.2d 831 (11th Cir. 1982); and *Stewart v. Ganey,* 116 F.2d 1010 (C.C.A.5 1940), thereby abrogating the holding of those decisions, and others, that authorize denial of exemptions because of fraudulent concealment.

8

and is inapplicable to the issue before this Court.

The TRUSTEE also relies on *Citronelle-Mobile Gathering, Inc. v. Watkins,* 934 F.2d 1180 (11th Cir. 1991), where a judgment debtor sought to protect from garnishment deposited funds traceable to social security benefits, claiming the funds were exempt under § 407. The court acknowledged that the claim of exemption was supported by the express language of § 407. But because the debtor was wealthy and did not need the social security proceeds for basic living expenses, which the court determined was the purpose for the exemption, the court approved an implied exception to the exemption provision of § 407 "when the reaching of social security benefits is not going to impair the ability of the recipient to satisfy his or her basic needs." 934 F.2d at 1192. That holding has now been abrogated by the Supreme Court in *Law v. Siegel* and is no longer good law.[4]

Similarly, in *Guidry v. Sheet Metal Workers Nat. Pension Fund,* 493 U.S. 365, 376, 110 S.Ct. 680, 107 L.Ed.2d 782 (1990), the Supreme Court refused to carve out an equitable exception for malfeasance or criminal misconduct to ERISA's unconditional prohibition on pension benefit alienation, reasoning that "courts should be loath to announce equitable exceptions to legislative requirements or prohibitions that are unqualified by the statutory text" and that such exceptions are "especially problematic in the context of an anti-garnishment provision." *See, also, In re Equipment Acquisition Resources, Inc.,* --- F.3d ----, 2014 WL 504183 (7th Cir. 2014), where the court rejected a litigant's invitation to read an

---

[4] To this Court's awareness, *Citronelle-Mobile's* implied exception to § 407 has never been adopted by any federal court outside the 11th Circuit. The only lower court decision that actually enforced the implied exception is *In re Crandall,* 200 B.R. 243 (Bankrs.M.D.Fla. 1995), where the court found a middle ground, permitting the debtor to exempt half of her accumulated social security benefits. The implied exception was readily rejected by the court in *In re Radford,* 265 B.R. 827 (Bankr.W.D.Mo. 2000).

9

unwritten exception into Bankruptcy Code section 106(a)(1) based upon its perceived purpose, refusing to "credit arguments about congressional intent when they run counter to a provision's unambiguous text."

Congress has strongly expressed its policy of protecting social security benefits, and it is not for the courts to read an implied exception into § 407. The Court determines that on the record before the Court, the TRUSTEE has failed to establish that any valid basis exists to deny all or any portion of the exemption claimed by the DEBTOR in the savings account funds under § 407. Although the TRUSTEE'S objection to the exemption claim under § 407 may be disposed of on this basis alone, there is an alternative basis for denial discussed as follows.

## SOCIAL SECURITY BENEFITS ARE EXCLUDED FROM THE BANKRUPTCY ESTATE

The second of § 407(a)'s three directives, discussed above, is the provision exempting social security benefits from creditor collection activity. The exemption provision is effective outside of bankruptcy, assertable defensively against a garnishment action, for example. The exemption is also available as a personal property exemption that may be claimed in a bankruptcy case by some debtors, specifically those who are allowed to use state law exemptions plus federal exemptions other than those listed in section 522(d) of the Bankruptcy Code.

The third and last of § 407(a)'s directives, states that "none of the moneys paid or payable or rights existing under this subchapter shall be subject . . . to the operation of any bankruptcy or insolvency law." As a separate provision, the third directive must be

accorded its own effect. It is a cardinal principle of statutory construction that a court should give effect, if possible, to every clause and word of a statute. *RadLAX Gateway Hotel, LLC v. Amalgamated Bank,* 566 U.S. ----, 132 S.Ct. 2065, 2071, 182 L.Ed.2d 967 (2012); *Duncan v. Walker,* 533 U.S. 167, 174, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001). Courts should avoid a construction that results in any part of a statute being rendered inoperative or superfluous, void or insignificant. *Hibbs v. Winn,* 542 U.S. 88, 101, 124 S.Ct. 2276, 159 L.Ed.2d 172 (2004). *See, also, Witzke v. Femal,* 376 F.3d 744, 753 (7th Cir. 2004) (statutes must be read to give effect to each word so as to avoid rendering any words meaningless, redundant, or superfluous).

The DEBTOR relies upon the relatively recent Eighth Circuit decision in *In re Carpenter,* 614 F.3d 930 (8th Cir. 2010), where a chapter 7 trustee objected to an exemption claimed by the debtor under § 407 in the amount of $17,165 in segregated funds traceable to a lump sum payment for social security disability benefits. The Bankruptcy Appellate Panel of the Eighth Circuit, taking note of the unequivocal language of § 407(b), the fact that no Bankruptcy Code provision makes reference to § 407, and since § 407(a) renders social security benefits, paid or payable, free from the operation of any bankruptcy law, determined that "a bankruptcy trustee has no authority to administer, as property of the bankruptcy estate, moneys paid to a debtor as social security benefits. In other words, such proceeds are not property of the bankruptcy estate." *In re Carpenter,* 408 B.R. 244, 248 (8th Cir.BAP 2009).

On appeal, the Eighth Circuit noted the conflict between the exclusionary provision

11

of § 407(a) and the all-inclusive provision of Bankruptcy Code § 541(a)(1), which defines property of the estate in the broadest possible terms to include all legal and equitable interests of the debtor in property as of the commencement of the case. The court acknowledged that these inconsistent provisions have caused courts to struggle to determine if and when social security proceeds should be included in a debtor's bankruptcy estate, noting specifically that the Eleventh Circuit had determined that § 407 is merely an exemption provision which the debtor must affirmatively claim. *See Matter of Treadwell,* 699 F.2d 1050 (11th Cir. 1983). The Eighth Circuit went on to note that even the 1983 addition of subsection (b) to § 407, a clear statement of legislative intent for the primacy of § 407(a) over any other conflicting statute, had not led to entirely consistent judicial decisions.

Ultimately, the Eighth Circuit found no ambiguity in § 407, noting that it contains no qualifying language, and characterizing as an explicit demand the requirement that no past or future social security payments may be subject to the operation of any bankruptcy law. 614 F.3d at 936. The court further reasoned that interpreting § 407 as a mere exemption provision would be limiting the scope of § 407(a) in contravention of § 407(b). Affirming the Bankruptcy Appellate Panel's decision, the Eighth Circuit held that "§ 407 operates as a complete bar to the forced inclusion of past and future social security proceeds in the bankruptcy estate," and that "§ 407 must be read as an exclusion provision, which automatically and completely excludes social security proceeds from the bankruptcy estate, and not [merely] as an exemption provision which must be claimed by the debtor." *Id.*

As noted in *Carpenter,* the apparent conflict between the exclusionary provision of § 407(a) and the broadly inclusive scope of section 541(a) raises the issue of whether enactment of the Bankruptcy Code was intended by Congress to operate as an implicit repeal of § 407(a)'s third directive. The Eighth Circuit rejected the theory of implicit repeal, relying on Congress's 1983 reaffirmation of the vitality of § 407(a) by enacting § 407(b), and the fact that the Bankruptcy Code expressly repealed and modified numerous statutory provisions, but did not include § 407 in the list of those statutes. 614 F.3d at 936.

The Eighth Circuit also relied on the Sixth Circuit's opinion in *In re Buren,* 725 F.2d 1080 (6th Cir. 1984), where the court considered whether the Bankruptcy Code repealed by implication § 407(a)'s first directive barring the assignment of benefits. The Sixth Circuit's comprehensive statutory analysis, concluding in the rejection of the implicit repeal argument, is instructive. The Sixth Circuit determined that the court below erroneously accepted the trustee's contention that the Bankruptcy Code constitutes a "specific" statement concerning the rights of debtor social security recipients that overrides the more "general" § 407. *Id.* at 1086. The better reasoning is that § 407 is the more specific provision, narrowly focused on a single kind of property interest: social security benefits.[5] Where there is no clear intention otherwise, a specific statute will not be controlled or nullified by a general one, regardless of priority of enactment. *Morton v. Mancari,* 417 U.S. 535, 550-51, 94 S.Ct. 2474, 41 L.Ed.2d 290 (1974). *See, also, RadLAX Gateway Hotel,* 132 S.Ct. at 2071.

---

[5]The exclusionary language of § 407 is rare. The Court is aware of a similar provision in only one other federal statute, 42 U.S.C. § 1717, which provides that benefits for injury or death of employees of U.S. contractors from war risk hazards are nonassignable, exempt, and not "subject to the operation of any bankruptcy or insolvency law."

Recently, the Tenth Circuit in *In re Cranmer,* 697 F.3d 1314 (10th Cir. 2012), held that social security benefits need not be included in a chapter 13 debtor's projected disposable income calculation and could not be considered in the analysis of whether the plan had been proposed in good faith. In addition to relying on the definitional exclusion of social security benefits from "current monthly income" under section 101(10A)(B), the court addressed § 407, determining that the statute's exemption and exclusionary provisions supported its holding. *Id.* at 1318. The Tenth Circuit cited *Carpenter* with approval for the proposition that "§ 407 operates as a complete bar to the forced inclusion of past and future social security proceeds in the bankruptcy estate." *Id.*

The Fifth Circuit has joined the discussion as well. In *In re Ragos,* 700 F.3d 220 (5th Cir. 2012), the bankruptcy court overruled a trustee's objection to confirmation of a chapter 13 plan under which the debtors proposed to contribute only $200 from their monthly social security benefits totaling $1,854. Relying upon the express exclusion of social security benefits from the Bankruptcy Code's definition of "current monthly income," the Fifth Circuit held that social security benefits were excludable at the option of the debtor from "projected disposable income" under section 1325(b)(1)(B). In support of its decision, the court relied upon the exclusionary provision of § 407 and cited with approval the Eighth Circuit's opinion in *Carpenter.* 700 F.3d at 223-24.

The Supreme Court has not had occasion to construe the third directive of § 407, and has never addressed the apparent conflict with the Bankruptcy Code.[6] One bankruptcy

---

[6]In *Philpott v. Essex County Welfare Board,* 409 U.S. 413, 93 S.Ct. 590, 34 L.Ed.2d 608 (1973), the Court determined that the protection afforded by § 407 covers "moneys paid" and deposited in a bank account. The Court also held that the broad exemption provision of § 407 prevents a state from garnishing social security proceeds, refusing to read an

14

appeal involving a § 407 issue, albeit very different than the issue at bar, has been addressed by the Seventh Circuit. In *Matter of Neavear*, 674 F.2d 1201 (7th Cir. 1982), a chapter 7 debtor sought a determination of the dischargeability of a debt for an overpayment of social security disability benefits, naming the Secretary of Health and Human Services as the defendant. The Secretary argued that § 407 should be construed as conferring a blanket exemption on the Social Security Administration, so that a debt owed by a debtor to the Administration is not subject to the discharge in bankruptcy. The Secretary focused on the statutory language in § 407 that "none of the . . . rights existing under this subchapter shall be subject . . . to the operation of any bankruptcy or insolvency law," contending that this provision operates to exempt from the bankruptcy laws the Administration's right to collect an overpayment via setoff. Stating that the Secretary's interpretation turns the statute on its head, the Seventh Circuit determined that § 407 "provides an exemption from the bankruptcy laws only for the benefits of social security recipients, and does not operate to prevent a debtor from obtaining a discharge of a debt owed to the SSA because of an overpayment." 674 F.2d at 1206.

The bankruptcy court in the *Neavear* case had determined that the enactment of the Bankruptcy Code did not repeal or amend § 407. *In re Neavear*, 16 B.R. 528, 530 (Bankr.C.D.Ill. 1981)(Lipkin, J.). Reversing on other grounds, the Seventh Circuit did not directly address that issue.[7] The Seventh Circuit did, however, recognize the independent

---

implied exception into § 407, the language of which is "all-inclusive." 409 U.S. at 415.

[7] In a footnote, the Seventh Circuit acknowledges under section 541(c), that social security benefits are included in property of the estate notwithstanding that § 407(a) precludes the transfer of such benefits by the recipient. 674 F.2d at 1206, n.12. The meaning of § 407(a)'s exclusionary provision was not litigated or addressed by the court, so the footnote is properly considered to be *dicta.* In addition, the opinion predates the 1983 addition of § 407(b).

15

operation of § 407(a)'s third directive, which in addition to the statute's exemption from creditor collection activities outside of bankruptcy, "closes off what would otherwise be an additional avenue for creditors to satisfy their claims from the social security benefits of the debtor." 674 F.2d at 1205-06.

By its plain terms, § 407 implements a three-pronged protective regime for social security benefits, both paid and payable. The third directive, that none of the moneys paid or payable shall be subject to the operation of the bankruptcy laws, is an independent provision that must be accorded an effect separate from the second directive which is the exemption provision. The rule against superfluities precludes the third directive from being construed as a mere exemption, which would be a redundancy. The provision is broad. Restated simply, a debtor's right to receive social security benefits and his right to possess and use funds traceable to such benefits may not be lost, restricted or impaired because a bankruptcy petition is filed by or against him.

This Court agrees with the Sixth Circuit in *Buren* that enactment of the Bankruptcy Code was not intended to implicitly repeal all or any part of § 407. This Court further agrees with the Eighth Circuit in *Carpenter* that § 407(a)'s third directive must be read as an exclusion provision, which automatically and completely excludes social security proceeds from the bankruptcy estate, so that § 407 operates as a complete bar to the forced inclusion of past and future social security proceeds in the bankruptcy estate. *See Carpenter*, 614 F.3d at 936-37. Allowing the social security benefits to become property of the estate, even if fully exemptible, would subject the benefits to the operation of the Bankruptcy Code, in contravention of § 407(a)'s third directive. It follows that since a debtor's right to

receive future social security benefits and proceeds traceable to benefits already paid do not become property of the bankruptcy estate, there is no need to claim them as exempt, as the exemption process applies only to property of the estate. Any judicially created equitable exceptions to otherwise allowable exemptions are likewise inapplicable to social security benefits and proceeds.

Three points of clarification need be made. First, nothing prevents a debtor from voluntarily contributing social security proceeds to the bankruptcy estate or voluntarily using such proceeds to fund a plan. *See Mort Ranta v. Gorman,* 721 F.3d 241 (4th Cir. 2013); *In re Riggs,* 495 B.R. 704, 715 (Bankr.W.D.Va. 2013); *In re Schanuth,* 342 B.R. 601, 605 (Bankr.W.D.Mo. 2006).

Second, the protection afforded by § 407 to social security proceeds remains subject to the condition that the proceeds retain the quality of moneys.[8] *See Philpott,* 93 S.Ct. at 592 (social security disability benefits deposited in a bank account were "readily withdrawable" and so retained the quality of moneys within the purview of § 407); *Fayette County Hosp. v. Reavis,* 169 Ill.App.3d 246, 251, 523 N.E.2d 693 (Ill.App. 5 Dist. 1988)(social security proceeds used to purchase a Certificate of Deposit payable on death to a funeral home were nonetheless "readily withdrawable" and retained the quality of moneys so that the C.D. was exempt under § 407).

Third, notwithstanding the exclusionary effect of § 407, debtors are still required to disclose social security proceeds and their right to receive future benefits in their schedule

---

[8] The protection of § 407 does not extend to tangible property purchased with social security proceeds, even if the property is traceable to the proceeds.

17

of personal property. *See In re Herrmann,* 2011 WL 576753 (Bankr.D.S.C. 2011). The disclosure requirement, by itself, does not subject such benefits to the operation of the bankruptcy laws. Disclosure is necessary to enable trustees and creditors to independently evaluate whether alleged social security benefits meet the conditions for exclusion from the estate. The Bankruptcy Code mandate that debtors disclose all of their legal and equitable interests in property is not in conflict with § 407.

Based on the foregoing, the TRUSTEE'S objection to the DEBTOR'S claim of exemption of funds in the amount of $11,119.47 in his savings account pursuant to § 407 will be denied. Her objection to the exemption claimed in the savings account under 735 ILCS 5/12-1001(g)(1) will be allowed. The TRUSTEE'S objection to the DEBTOR'S claim of exemption in his checking account will be allowed as to all amounts in excess of the wildcard exemption under 735 ILCS 5/12-1001(b). Her objection to the DEBTOR'S claim of exemption in the checking account under 735 ILCS 5/12-704 will be allowed. The TRUSTEE'S motion to compel turnover of the account balances will be denied.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.

###